**FILED**
**Feb 21, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| DONRIEL CUNNINGHAM, (deceased) | ) | Docket No. 2018-05-0484 |
| Employee, | ) | |
| v. | ) | |
| | ) | |
| SOUTHERN STEEL SUPPLY CO., INC., | ) | State File No. 5192247-2017 |
| Employer, | ) | |
| And | ) | |
| | ) | |
| PHOENIX INS. CO., | ) | Judge Dale Tipps |
| Carrier. | ) | |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court on Southern Steel's Motion for Summary Judgment. The central legal issue is whether Southern Steel is entitled to summary judgment on grounds that Mr. Cunningham's estate (Estate) failed to present evidence that his death arose primarily out and in the course and scope of his employment, an essential element of his claim. For the reasons below, the Court holds Southern Steel is entitled to summary judgment.

### Procedural History

Mr. Cunningham died from gunshot wounds suffered during his shift as a crane operator at Southern Steel on November 27, 2017. Southern Steel denied that the incident was work-related, and Estate filed a Petition for Benefit Determination.

Southern Steel filed this Motion for Summary Judgment, Estate filed a response, and the Court heard arguments on February 7, 2019.

1

**Facts**

Southern Steel filed a statement of ninety-four undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Estate's response admitted many of the facts. These undisputed facts are summarized as follows:

1. Mr. Cunningham worked as a crane operator, loading and unloading trucks as they came into his bay inside the Southern Steel building.
2. At the time he was shot, a truck was in Mr. Cunningham's bay.
3. After hearing shots, some of Mr. Cunningham's co-workers went outside and found him lying face down in the street.
4. Memphis Police Department has not reported any leads in identifying the shooter or made any arrests.
5. Nobody knows why Mr. Cunningham was shot.
6. None of the people deposed in this case knows why Mr. Cunningham was outside the building when he was shot.[1]

Based on these facts, Southern Steel argued the Court should grant summary judgment because it affirmatively negated the essential element of Estate's claim – that Mr. Cunningham's injury arose primarily out of his employment – *and* that the facts are insufficient for Estate to prove this element.

Estate countered that summary judgment is inappropriate because it has demonstrated the existence of facts showing a genuine issue for trial. The facts Estate characterizes as disputed are related to two primary issues:

1. Whether Southern Steel was located in a high-crime area.
2. Whether Southern Steel forbade employees from taking a break when they had a truck in their bay to be loaded.

Estate argued that, because Southern Steel had no policy against Mr. Cunningham taking a break when he did, he was acting in the course and scope of his employment at the time of the shooting. It then contended that this was either a "neutral force" assault in an inherently dangerous area, which made it compensable under the street-risk doctrine, or "may well have stemmed from an altercation" between Mr. Cunningham and a co-worker.

---

[1] Estate answered "Disputed" to Statement of Undisputed Facts No. 33, which said that Mr. Cunningham's mother had no knowledge as to why he was shot. However, the reason given for the response and the citation to the record are not actually responsive to the statement. Instead, they seem to relate to the question of where the shooting took place. In fact, Ms. Cunningham admitted on page 34 of her deposition that she had no idea why her son was shot.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

As the moving party, Southern Steel must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Southern Steel is successful in meeting this burden, the nonmoving party – Estate – must then establish that the record contains specific facts upon which the Court could base a decision in its favor. *Rye*, at 265.

The essential element at issue in this case is that Estate must demonstrate that Mr. Cunningham suffered "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." Tenn. Code Ann. § 50-6-102(14). The Workers' Compensation Appeals Board noted that these requirements are not synonymous. An injury occurs in the course of employment if it takes place while the employee was performing a duty he was employed to perform. Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. By contrast, arising out of employment refers to causation. An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. Put another way, an injury arises out of employment when it "has a rational, causal connection to the work." *See Johnson v. Wal-Mart Associates, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *11-12 (July 2, 2015).

At first blush, it might appear Mr. Cunningham was not in the course and scope of his work at the time of the shooting because he was not on Southern Steel's property and not performing his duties as a crane operator.[2] However, Tennessee recognizes the personal comfort doctrine, which generally brings injuries suffered by employees while on approved or authorized breaks within the umbrella of compensable injuries. Activities that minister to the personal comfort of workers, such as eating, drinking, smoking, seeking toilet facilities, fresh air, coolness or warmth, are incidental to the employment. Accordingly, injuries that occur during these activities are deemed to have arisen out of

---

[2] Estate apparently relies on its response to Statement of Undisputed Facts No. 36 to dispute where the shooting took place. Its response cited testimony from Ms. Cunningham that she saw someone cleaning blood off the sidewalk the day after the shooting. However, she later admitted on page 59 of her deposition that she had no way of knowing where her son was shot. Other witnesses were clear that Mr. Cunningham's body was found in the street, not on the sidewalk.

the employment." *Jacobs v. Bridgestone Americas Tire Operations, LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 4, at *11-15 (Feb. 7, 2018).

Therefore, one issue in this case is whether the personal comfort exception applies. The depositions and affidavits contain conflicting statements as to whether Southern Steel had a policy regarding when employees could take breaks (especially as to whether Mr. Cunningham could take a break while a truck was in his bay waiting to be loaded). If this dispute were material, the question of whether the break was authorized might be sufficient to preclude summary judgment.

However, the Court finds that this argument ignores the threshold question – whether Mr. Cunningham was on a break that would qualify for the personal comfort exception. Not every break is covered by this exception. In some cases, the extent of the departure is so great that an intent to temporarily abandon the job may be inferred. *Carter v. Volunteer Apparel, Inc.*, 833 S.W.2d 492, 495 (Tenn. 1992). It is undisputed that nobody knows why Mr. Cunningham was outside the building and off Southern Steel's premises. Therefore, nobody knows the purpose of this break from his job duties – whether he was on a personal comfort mission or whether he had another purpose for leaving his workplace.

Estate first argues that Southern Steel "is unable to produce any persuasive evidence that [Mr. Cunningham] was not engaged in an activity that had some connection with [his] job related functions." This argument misapprehends the summary judgment standard in *Rye*, which requires Estate to establish that the record contains specific facts upon which the Court could base a decision in its favor.

Estate then attempts to do this by suggesting that Mr. Cunningham "most likely stepped outside to make a phone call to his mother when he encountered the gunman." However, it offered no evidence in support of this hypothesis. The Court cannot simply assume Mr. Cunningham left the building for a reason that meets the personal comfort exception – it requires proof to make that finding. In the absence of actual evidence, Estate's conjecture is insufficient to establish that Mr. Cunningham's death outside Southern Steel's premises arose primarily out of his employment. As Estate's evidence is insufficient to establish this essential element its claim, the Court holds Southern Steel is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Southern Steel's Motion for Summary Judgment is granted, and Estate's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Southern Steel under Tennessee Compilation Rules and Regulations 0800-02-21-.07 payable to the Clerk within five days of this order becoming final.

4. Southern Steel shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED February 21, 2019.**

_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on February 21, 2019.

| Name | Certified Mail | Via Email | Service Sent To |
|---|---|---|---|
| Emily B. Bragg, Esq. Employee's Attorney | | X | ebragg@forthepeople.com |
| Paul Todd Nicks, Esq. Employer's Attorney | | X | pnicks@travelers.com |
| MOST | | X | Lashawn.pender@tn.gov Immacolata.whitman@tn.gov |

_____
**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation

www.tn.gov/labor-wfd/wcomp.shtml

wc.courtclerk@tn.gov

1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.


[Signature of appellant or attorney for appellant] _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water            $ _____ per month     Clothing       $ _____ per month

Gas              $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                     To Whom

_____              _____

_____              _____

_____              _____

_____              _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____